Kurtis A. Powell (admitted *pro hac vice*)
kpowell@hunton.com
Emily Burkhardt Vicente (State Bar No. 263990)
ebvicente@hunton.com
Y. Anna Suh (State Bar No. 228632)
asuh@hunton.com
Susan S. Joo (State Bar No. 260369)
sjoo@hunton.com
HUNTON & WILLIAMS LLP
575 Market Street, Suite 3700
San Francisco, California 94105
Telephone: (415) 975-3700
Facsimile: (415) 975-3701

Attorneys for Defendants
ACUITY SPECIALTY PRODUCTS, INC.;
ZEP INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

DON AGUILAR, an individual; DAVID ALEMAN, an individual; GEORGE ALTOBELL, an individual; DENNIS ASUNTO, an individual; MAX BALLANTINE, an individual; STERLING CALDER, an individual; BRIAN CALLE, an individual; MARIO CERVANTEZ, an individual; CURTIS CHANCELLOR, an individual; GABRIEL COLLINS, an individual; DELION CUMMINGS, an individual; JERRY DAVIS, an individual; KIRK DICKINSON, an individual; GREGG DOBROW, an individual; BRIAN DRUCKER, an individual; DAVID ELDRIDGE, an individual; ROBERT ESTERLEY, an individual; RICHARD FAIRCHILD, an individual; ROBERT FELIX, an individual; JULIE FORTNER, an individual; THOMAS FOWLER, an individual; JEFFREY FULLER, an individual; DAVID GARELICK, an individual; REGINALD HAWKINS, an individual; DOUGLAS HEFFERNAN, an individual; ROBERT HOPPE, an individual; KATHLEEN JANISCH, an individual; SUSAN JOHNSON, an individual; CHRISTINA LAMB

Case No. 3:13-CV-00563- WHO

*Assigned to Hon. William H. Orrick*

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION**

Hunton & Williams LLP
575 Market Street, Suite 3700
San Francisco, California 94105

1  (PAYTON), an individual; THERON LEE, an individual; GARY LEVINE, an individual;
2  WILLIAM LOWE, an individual; DAN MANNION, an individual; JASON MARTIN,
3  an individual; FELIX MONTES, an individual; SAM MORA, an individual; ERIC OFTEDAL,
4  an individual; MARK OSBORN, an individual; DAVID OVADIA, an individual;
5  RYAN PEREZ, an individual; DAVID RAINS, an individual; JAMES RICHMOND,
6  an individual; FLORENCE RODRIGUEZ, an individual; JANET SALEH, an individual;
7  JERMON SCOTT, an individual; ROBERT SEVERNS, an individual; JUSTIN SHORES,
8  an individual; GARRETT SMITH, an individual; JAMES STEAD, an individual;
9  WILLIAM TELLOUS, an individual; MICHELLE TOMPKINS, an individual;
10 GERALD TURNER, an individual; ASTRID UNRINE, an individual; LYNN
11 WOODFORD, an individual,

12         Plaintiffs,

13     v.

14 ZEP INC., a Delaware corporation; ACUITY SPECIALTY PRODUCTS, INC., a Georgia
15 corporation; and DOES 1 through 100, inclusive,

16         Defendants.

## STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION

To expedite the flow of discovery material, facilitate the prompt resolution of disputes over the confidentiality of information, adequately protect material entitled to be kept confidential, and ensure that protection is afforded only to material so entitled, it is ORDERED as follows:

### 1.0. Definition of Confidential Information.

1.1. "Confidential Information" as used in this Order, means any information that is designated by the party producing the information with the notation "Confidential" to signify that it contains information believed to be subject to protection under the Federal Rules of Civil Procedure and/or disclosure of such information would violate a personal, financial, or other interest protected by law resulting in serious harm that outweighs the public interest in disclosure of such information, or which is otherwise designated as Confidential Information pursuant to Sections 2.1, 2.2, 2.3 or 2.4 hereof. For purposes of this Order, the term "document" means all written, recorded or graphic material, whether produced or created by a party or another person, whether produced pursuant to Order, subpoena, agreement or otherwise, or provided in the form of responses to written discovery or deposition testimony. The parties will designate as "Confidential" only that information that they believe contains secret, confidential, private or proprietary information. Examples of information intended to be designated as "Confidential" include, but are not limited to: (i) information that is a "trade secret" as that term is defined in 18 U.S.C. § 1839; (ii) confidential and proprietary business and/or financial information, such as cost and pricing information, commission reports and information, compensation structure information, sales or marketing strategy information, customer, vendor and supplier lists, customer history reports, sales transaction reports or information, employee compensation records, business expense reimbursement information, product formulas and processes, proprietary computer software or program information, business plans and models, marketing analyses, sales statements, financial statements not released to the public, documents that reflect the implementation of Defendants' operating policies and procedures, and information that is protected against disclosure by a written confidentiality agreement between a third party and Plaintiffs or Defendants; and (iii) non-public, private information about any individual or individuals, including personnel records, evaluations, compensation levels, or other information incorporating or aggregating confidential information pertaining to individuals.

1.2.   Designation of documents or other information as "Confidential," or receipt of documents or information that have been so designated, shall not be considered as determinative of whether the contents of the documents or the information specified are properly designated.

**2.0.   Procedure for Designating Material as Confidential Information.**

2.1.   The party wishing to designate a document as Confidential Information prior to producing it in discovery shall do so by stamping the document "CONFIDENTIAL." In lieu of marking originals, the party may mark the copies of the documents that are produced or exchanged. For material produced other than in documentary or testimony form, and for any other tangible items, the designating party shall affix in a prominent place on the exterior of the container in which the information or item is stored the label "CONFIDENTIAL." If only portions of the information or item warrant protection, the designating party, to the extent practicable, shall identify the protected portions, specifying whether they qualify as Confidential.

2.2.   Except as provided in Sections 2.3 and 2.4 hereof and unless the procedures of Section 5.4 are invoked, the designation of information as "Confidential" shall be made at the time a response to a written discovery request is served or a document or item is provided to the other party.

2.3.   Any party claiming the confidentiality of any information at a deposition may designate such information as Confidential Information by making the statement to that effect on the record at the deposition or other proceeding. A party may also designate a document referenced at a deposition as Confidential Information by informing the opposing party in writing of such confidential designation within fifteen (15) business days after receipt of the final transcript. The designating party shall provide the page and line number of the Confidential Information when making such a designation in the transcript. When Confidential Information is designated on the record at a deposition, the party claiming the information is confidential shall make arrangements with the court reporter taking and transcribing such proceeding to label each

4
STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION

page containing the confidential information with the designation "Confidential" and to separately bind such pages as "Confidential."

    2.4.    Any party may designate as Confidential any information produced or furnished by another party or non-party who came into possession of such information under circumstances in which the confidentiality was not waived as a matter of law, including, but not limited to, attorneys, physicians, experts, accountants, consultants, agents and employees, by informing the opposing party in writing of such designation. All parties shall affix a stamp identifying such document so designated as Confidential.

    2.5.    If any party believes that a document or other information that has been designated as Confidential is not entitled to be treated as Confidential, the party will notify the designating party of its objection to the Confidential designation. The parties shall meet and confer in an attempt to reach an agreement regarding the confidential status of the document or information within fifteen (15) business days after the objecting party has advised the designating party of its objection. If the objection is not resolved, and if the objecting party notifies the designating party in writing of its intent to disclose the information beyond the restrictions in Section 4.0 as well as the person and/or entity to whom it intends to make such disclosure, then the designating party shall have fifteen (15) business days after receipt of such written notification to file a motion to have the document or information treated as Confidential; if such motion is not timely filed, then the objecting party may, for purposes of this case only, make the indicated disclosure.

**3.0.    Qualified Persons with Access to Confidential Information.**

    3.1    "Confidential Information" shall not be disclosed to any person other than "Qualified Persons." As used herein, "Qualified Persons" means:

    (1)    The named parties to this litigation;

    (2)    Counsel of record for the parties in this action;

5
STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION

    (3) Employees of counsel for the parties in this litigation or individuals or entities with which counsel contract to the extent reasonably necessary to render services that assist counsel in the litigation, including but not limited to individuals or entities providing duplicating or imaging services ("employees");

    (4) Experts and consultants retained or employed to assist counsel for the parties with the prosecution, defense, and/or appeal of this action ("experts");

    (5) The authors, addressees or originators of the Confidential Information;

    (6) The Court, persons employed by the Court, and videographers and stenographers recording or transcribing any hearing, trial or deposition in this action or any appeal therefrom, and stenographic reporters and videographers;

    (7) Witnesses at deposition, if document disclosure to the witnesses is reasonably calculated to lead to the discovery of admissible evidence; and

    (8) Persons being prepared or evaluated for testimony at deposition or any other hearing or proceeding in this proceeding ("potential witnesses') with a need to know Confidential Information, provided the potential witnesses sign the Agreement To Be Bound By Protective Order attached as Exhibit A before such disclosure is made.

**4.0. Restrictions on the Use and Disclosure of Confidential Information.**

  4.1. All information designated as Confidential shall be used solely for purposes of this proceeding and not for any other personal, business, commercial or other purpose whatsoever.

  4.2. In the event any party wishes to show any documents or other information designated as Confidential to anyone other than Qualified Persons, that party or its attorneys shall first advise the opposing party and seek an informal resolution of or agreement on the same. In the event that agreement or resolution cannot be reached, the party seeking to show the Confidential Information to anyone other than Qualified Persons shall apply to the Court for relief

from this Order. In the event the parties to this proceeding agree, or the Court orders, that the Confidential Information may be disclosed to someone other than Qualified Persons, that person shall sign the Agreement To Be Bound By Protective Order set forth in Exhibit A before such disclosure is made.

4.3. All Confidential documents and information presented to the Court through argument, memoranda, pleadings or otherwise shall be submitted pursuant to the Northern District of California Local Rule 79-5 and General Order No. 62. In particular, no party shall submit any Confidential documents and information to the Court unless the party e-files an administrative motion for leave to file under seal. Only if the Court first denies the administrative motion may the party file the Confidential documents as a public document.

4.4. Under no circumstance will any party or the representative(s) of any party to this Litigation provide or disclose any Confidential materials that have been provided, produced, or obtained during this Litigation to the press or media, to other current or former employees or independent contractors of Defendants, or to any other individual or company, except as otherwise expressly allowed under the terms of this Order.

4.5. If a party is served with a subpoena or a Court order issued in other litigation that would compel disclosure of any information or items designated in this action as Confidential by the opposing party, the subpoenaed party must immediately notify the opposing party, in writing and in no event more than three (3) court days after receiving the subpoena or Court order. Such notification must include a copy of the subpoena or Court order.

4.6. Nothing in this Order shall prevent a party from any use of its own Confidential materials.

**5.0. No Admission or Waiver.**

5.1. This Order shall not affect the right of any party or other person to seek from the Court at a future time an Order (or a modification of this Order) that provides greater,

lesser or no restriction of access to Confidential Information or for a separate protective order as to any particular document or information.

5.2.   This Order shall not be construed as an admission or agreement that any document designated as Confidential is, in fact, confidential or otherwise is entitled to any protective relief.

5.3.   The inadvertent disclosure of any Confidential Information shall not be deemed to be a waiver of the applicable protections or privileges as to either: (i) the document, communication or material disclosed, and (ii) other protected or privileged documents, communications or materials relating to or concerning the same subject matter. Any such Confidential Information inadvertently disclosed, and all copies and records thereof, shall be immediately returned to the producing party upon written notice by the disclosing party.

5.4.   If a party discovers that, through inadvertence, documents containing Confidential Information have been provided to the opposing party without being properly designated pursuant to Section 2.2 hereof, the producing party shall promptly notify the receiving party in writing of the error. The notification shall include an identification of the documents or information (by control number or some other specific form of identification), and the receiving party shall affix a stamp identifying each document or item of information so identified as Confidential unless the parties agree that some other procedure for remedying the inadvertence is more appropriate under the circumstances.

5.5.   If a party learns that, by inadvertence or otherwise, it has disclosed Confidential Information to any person or in any circumstance not authorized under this Protective Order, that party must immediately (a) notify in writing the party who designated the materials as Confidential of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Confidential material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the Agreement To Be Bound By Protective Order attached as Exhibit A.

**6.0  Inadvertent Production of Privileged Documents.**

Inadvertent production of any document or information which a party later claims should not have been produced because of a privilege, including but not limited to attorney-client or work product privilege ("Inadvertently Produced Privileged Document"), will not be deemed to waive any privilege. A party may request the return of an Inadvertently Produced Privileged Document. A request for the return of an Inadvertently Produced Privileged Document shall identify the document inadvertently produced and the basis for withholding such document from production. If a party requests the return, pursuant to this paragraph, of any Inadvertently Produced Privileged Document then in the custody of another party, the possessing party shall within three (3) days return to the requesting party the Inadvertently Produced Privileged Document and all copies thereof and shall not make use of such documents or information in this proceeding or otherwise. The party returning such material may then move the Court for an order compelling production of the documents or information, but said party shall not assert as a ground for entering such an order the fact or circumstances of the inadvertent production.

**7.0.  Jurisdiction and Return of Documents.**

All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of the lawsuit. Upon termination of this lawsuit and upon the written request of the designating party, the receiving party shall assemble and return to the designating party within a reasonable period of time (not to exceed 30 days) all items designated as Confidential, all copies of same, and all other documents containing Confidential Information or, alternatively, the receiving party shall certify that all such copies and records thereof have been destroyed. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain protected material. Any such archival copies that contain or constitute protected material remain subject to

1  this Protective Order until a designating party agrees otherwise in writing or a court order
2  otherwise directs.

**8.0. Miscellaneous.**

8.1 <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

8.2 <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or document on any ground not addressed in this Order. Similarly, no party waives any right to object on any ground to use in evidence any of the information or documents covered by this Order. This Order also does not constitute a waiver of any argument regarding the timeliness of objections or production of documents.

8.3. The parties hereby voluntarily agree to comply with the terms of this Order immediately upon its execution by all parties hereto, and they shall continue to comply with its terms regardless of when or whether it is entered by the Court.

**Exhibit A**

<u>Agreement To Be Bound By Protective Order</u>

I, _____, do solemnly swear that I am fully familiar with the terms of the Protective Order entered in *DON AGUIAR, et al. v. ACUITY SPECIALTY PRODUCTS, INC., et al.*, Case No. 3:13-CV-00563-WHO, and hereby agree to comply with and be bound by the terms and conditions of the Protective Order unless and until modified by further order of the Parties, or this Court. I hereby consent to the jurisdiction of the United States District Court for the Northern District of California for purposes of enforcing this Protective Order.

Signature: _____    Dated: _____

Address: _____

_____

_____

STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER GOVERNING THE EXCHANGE AND PROTECTION OF CONFIDENTIAL INFORMATION
CASE NO. 3:13-CV-00563-WHO

IT IS SO STIPULATED.

August 7, 2013        PALAY LAW FIRM

                     - and -

                     LAW OFFICES OF HATHAWAY, PERRETT,
                     WEBSTER, POWERS, CHRISMAN & GUTIERREZ

                     By: _____
                     Alejandro P. Gutierrez, Esq.
                     Daniel J. Palay, Esq.
                     Attorneys for Plaintiffs


August 7, 2013        HUNTON & WILLIAMS LLP

                     By: _____
                     Kurt A. Powell, Esq. (admitted *pro hac vice*)
                     Emily Burkhardt Vicente, Esq.
                     Y. Anna Suh, Esq.
                     Attorneys for Defendants
                     ACUITY SPECIALTY PRODUCTS, INC.;
                     ZEP INC.


PURSUANT TO STIPULATION, IT IS SO ORDERED.

Dated: August 12, 2013

_____
Hon. William H. Orrick
United States District Judge

STIPULATION AND [PROPOSED] PROTECTIVE ORDER GOVERNING THE EXCHANGE AND
PROTECTION OF CONFIDENTIAL INFORMATION

Hunton & Williams LLP
575 Market Street, Suite 3700
San Francisco, California 94105