UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON AGUILAR, et al.,<br>　　　　Plaintiffs,<br>　　v.<br>ZEP INC., et al.,<br>　　　　Defendants. | Case No. 13-cv-00563-WHO<br><br>**ORDER ON MOTION FOR ATTORNEY FEES**<br>Re: Dkt. No. 135 |

　　　Twenty-four plaintiffs and defendants Zep, Inc. and Acuity Special Products, Inc. (together, "Zep") have settled claims relating to business expenses owed to the plaintiffs under California Labor Code section 2802. The plaintiffs have filed a motion for attorney fees seeking an award of $1,615,545.50, which consists of a lodestar amount of $775,710.00 with a 2.0 multiplier, plus $64,125.50 for work on the motion for attorney fees and reply brief, and $10,868.17 in litigation costs. Dkt. Nos. 135, 150.

　　　The plaintiffs' counsel did good work in this case and achieved a favorable result for their client. They charge premium rates that are justified by their education, experience, and the quality of the work performed. But a multiplier is not justified since the claims involved were not novel; and the result obtained by the settlement negotiations represents only partial success on the claims initially advanced by the plaintiffs. Accordingly, the plaintiffs' motion for attorney fees and costs is GRANTED in part and DENIED in part. Zep shall pay $711,474.00 in lodestar fees, $46,480.95 in fees for work on this motion, and $10,692.17 in costs, for a total of $768,647.12.

**FACTUAL BACKGROUND**

　　　The plaintiffs are former outside sales representatives of defendants Zep, Inc. and Acuity Special Products, Inc. (together, "Zep") whose role was to sell Zep's products to customers and develop new business, which entailed making sales calls and driving to customers' places of

business. The plaintiffs incurred expenses including automobile insurance, gas, cell phone, and computer expenses. Many of the plaintiffs entered into a Sales Representative's Exclusive Account Contract with Zep which provided that all expenses incurred shall be paid by the sales representative and shall not be reimbursed by Zep. As a result, each plaintiff paid for his or her business expenses directly with their own funds.

On December 24, 2012, the plaintiffs filed this case in the Superior Court for the State of California, Alameda County, in which the plaintiffs allege causes of actions for: (1) failure to pay wages under California Labor Code §§ 200, 201, 202, 203, 204, & 221; (2) failure to reimburse work-related expenses under California Labor Code § 2802; (3) failure to provide accurate wage statements under California Labor Code § 226; and (4) unfair competition under California Business and Professions Code § 17200 et seq. *See* Dkt. No. 40 (First Amended Complaint). Defendants removed the action to this court on February 8, 2013.

On August 10, 2013, plaintiff Dan Mannion moved for partial summary judgment on Zep's liability for failing to reimburse him for reasonable business expenses in violation of California Labor Code Section 2802. Dkt. No. 91. On October 10, 2013, I granted Mannion's motion for partial summary judgment for failure to reimburse Mannion's business-related automobile expenses only. Dkt. No. 106. I denied Mannion's motion for partial summary judgment as to all other categories of Mannion's alleged business expenses because there were material facts in dispute. The parties stipulated that the ruling applied equally to the remaining plaintiffs[1]. Dkt. 125.

On January 23, 2014, the parties attended a mediation and resolved the claims of twenty-four of the plaintiffs for $2,477,233.66, exclusive of attorney fees and costs. Palay Decl., Ex. A. The parties agreed that: (i) the Settling Plaintiffs have resolved their claims against Zep and release any and all remaining claims against Zep, known and unknown; (ii) the plaintiffs are "prevailing parties" for the purposes of an award of attorney fees and costs; (ii) the plaintiffs may file a motion for attorney fees and costs; and (iv) Zep may challenge the reasonableness and/or

---

[1] At that time, 30 plaintiffs remained in this case. Currently there are 3 plaintiffs remaining.

1  amount of fees and costs sought by the plaintiffs, but shall not challenge their entitlement to an
2  award of attorney fees. *Id*.
3      On February 27, 2014, the parties attempted to resolve the amount of attorneys' fees owed
4  in mediation. They did not come to a resolution. On April 30, 2014, the plaintiffs filed this
5  motion for attorney fees seeking an award of $1,615,545.50, which consists of a lodestar amount
6  of $775,710.00 with a 2.0 multiplier, plus $64,125.50 for work on the motion for attorney fees and
7  reply brief, and $10,868.17 in litigation costs. Dkt. Nos. 135, 150.
8      The plaintiffs' counsel's lodestar is calculated as follows:

| Legal Professional | Years in Practice | Firm | Rate | Hours | Total |
|---|---|---|---|---|---|
| Alejandro P. Gutierrez | 31.2 | Hathaway | $700 | 604.9 | $423,430.00 |
| Daniel J. Palay | 21.9 | Palay | $700 | 296.6 | $207,620.00 |
| Adam A. Acevedo | 5.9 | Hathaway | $350 | 58.8 | $20,580.00 |
| Michael A. Strauss | 7.4 | Palay | $500 | 30.1 | $15,050.00 |
| Greg W. Jones | 28.4 | Hathaway | $650 | 12.8 | $8,320.00 |
| Alexis Ridenour | 9.4 | Hathaway | $450 | 19.0 | $8,550.00 |
| Coleen DeLeon | Paralegal | Hathaway | $180 | 377.3 | $67,914.00 |
| Debra D. Acevedo | Paralegal | Hathaway | $180 | 82.0 | $14,760.00 |
| Geoffrey J. Farwell | Law Clerk | Hathaway | $180 | 52.7 | $9,486.00 |
| **Total** | | | | **1,534.2** | **$775,710.00** |

    For the motion for attorney's fees, the plaintiffs seek reimbursement for 84.1 hours of time,
consisting of 69.5 hours of attorney time and 14.2 hours of paralegal time, at a total of
$40,301.00. Dkt. No. 135 at 19. For the reply to Zep's opposition to the motion for attorneys'
fees, the plaintiffs seek reimbursement for $23,824.50. Dkt. No. 150 at 9. This consists of 49.2
hours of attorney time and 2.8 hours of paralegal time. Supp. Gutierrez Decl., ¶ 9; Supp. Palay
Decl., Ex. H.

    Plaintiffs seek the following costs:

| Description | Amount |
|---|---|

| | |
|---|---|
| Filing and motion fees | $435.00 |
| Deposition costs | $9,884.00 |
| Service of process fees | $65.00 |
| CourtCall fees | $176.00 |
| Attorney service fees | $238.50 |
| Delivery fees | $49.67 |
| Business Entity Record Request | $20.00 |
| **Total** | **$10,868.17** |

Mtn. at 20; Gutierrez Decl., ¶ 34; Palay Decl., ¶ 56.[2]

## LEGAL STANDARD

The plaintiffs asserted claims under the California Labor Code, which allows prevailing plaintiffs to recover attorney fees. *See* CAL LAB. CODE § 2802 (entitling employee to "all reasonable costs, including, but not limited to, attorney's fees incurred by the employee enforcing the rights granted by this section."). Where California law governs the claim, it also governs the award of attorneys' fees. *Mangold v. Cal. Pub. Utils. Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (applying California law). In fee-shifting cases, "in which the responsibility to pay attorney fees is statutorily or otherwise transferred from the prevailing plaintiff or class to the defendant, the primary method for establishing the amount of 'reasonable' attorney fees is the lodestar method." *Lealao v. Beneficial Cal., Inc.*, 82 Cal. App. 4th 19, 26 (Ct. App. 2000). "[T]he fee setting inquiry in California ordinarily begins with the 'lodestar,' i.e., the number of hours reasonably expended multiplied by the reasonable hourly rate." *PLCM Group v. Drexler*, 22 Cal. 4th 1084, 1095, (2000). The lodestar figure may be adjusted, based on consideration of factors specific to the case, in order to fix the fee at the fair market value for the legal services provided. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001). The reasonable hourly rate is that prevailing in the community for similar work. *Id*. Although the lodestar figure is presumptively reasonable,

---

[2] Both parties filed objections to evidence submitted in support of the briefing on this motion. To the extent that this order relies upon evidence to which there is an objection, the objections are overruled. To the extent that this order does not rely on such evidence, the objections are overruled as moot. I have not relied on any inadmissible evidence in deciding this motion.

4

*see Morales v. City of San Rafael*, 96 F.3d 359, 363 n.8 (9th Cir. 1996), a court is "not bound by the amount sought by defendants and ha[s] discretion to award them a lesser sum." *Robertson v. Rodriguez*, 36 Cal. App. 4th 347, 362 (1995); *see also Thayer v. Wells Fargo Bank, N.A.*, 92 Cal. App. 4th 819, 834 (2001) ("There is no hard-and-fast rule limiting the factors that may justify an exercise of judicial discretion to increase or decrease a lodestar calculation."). "The reasonableness of attorney fees is within the discretion of the trial court, to be determined from a consideration of such factors as the nature of the litigation, the complexity of the issues, the experience and expertise of counsel, and the amount of time involved." *Wilkerson v. Sullivan*, 99 Cal. App. 4th 443, 448 (2002).

## DISCUSSION

Zep does not dispute that the plaintiffs are entitled to an award of attorney fees and costs but objects that the approximately $1.6 million in fees sought is unreasonable for the following reasons: (1) the plaintiffs' counsel's hourly rates exceed prevailing market rates; (2) the hours billed are excessive, duplicative, and counsel's records are deficient; (3) plaintiffs' counsel seeks fees for work that did not advance the claims settled; (4) counsel's records reflect "top heavy" billing practices; and (5) the circumstances of this case do not justify a multiplier. Dkt. No. 140.

### A. Reasonable Hourly Rates

Zep objects that the hourly rates of all of plaintiffs' counsel exceed the average rates of litigators with similar experience. To determine an attorney's reasonable hourly rate, California courts consider "the hourly prevailing rate for private attorneys in the community conducting noncontingent litigation of the same type." *Ketchum*, 24 Cal.4th at 1133; *see also Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 979 (9th Cir. 2008) (relevant community is forum in which district court sits). In "assessing a reasonable hourly rate, the trial court is allowed to consider the attorney's skill as reflected in the quality of the work, as well as the attorney's reputation and status." *MBNA America Bank, N.A. v. Gorman*, 147 Cal. App. 4th Supp. 1, 13 (2006) (citing *Ketchum*, 24 Cal.4th at 1139). A court can consider evidence including "declarations by Bay Area attorneys concerning the prevailing rates for contingent fee cases." *Ketchum*, 24 Cal. 4th at 1140.

Zep argues that instead of awarding plaintiffs' counsel the rates outlined above, I should

apply a blended hourly rate of $340 for the Palay Law Firm and a $358 blended hourly rate for the Hathaway Law Firm. Opp. at 7. Defendants support their request with a declaration by attorney ethics expert John Steele, who relied on American Law Media surveys, filings in other cases where the plaintiffs' counsel sought attorney fees, and his own experience. Steele Decl., Ex. A. Based on this data, Steele concludes "that the market rate for the top biller at the Palay Firm-Mr. Daniel Palay-should be in the range of $300 to $400 and that the market rate . . . for the top biller at the Hathaway Firm-Mr. Alejandro Gutierrez-should be in the range of $300 to $400." *Id*. at 7. Mr. Steele's report then accounts for the associate and paralegal work in this case and arrives at the blended rate set forth above.

Zep also contends that the rates claimed in this case are in excess of rates awarded to plaintiffs' counsel in previous cases. On March 2014, in *Britto, et al. v. Zep Inc., et al.*, Case No. VG10553718 ("Britto Action"), a similar case against Zep brought by former sales representatives filed in the Superior Court of California for Alameda County, a judge declined to award the full amount of fees requested by the plaintiffs' counsel, which were the same amounts requested in this case. Suh Dec., Ex. S. Instead, the judge awarded $475 per hour for attorneys Gutierrez and Palay, $350 for attorney Strauss, $300 for attorney Acevedo, and $100 for paralegal DeLeon. *Id*. In May 2013, Mr. Strauss sought attorney's fees at a rate of $275/hour in a wage and hour lawsuit seeking fees under section 2802 filed in The Superior Court of California for Ventura County. Zep Request for Judicial Notice, Ex. 2 (*Power v. Pacific Coast Title Ins. Co.*, No. 56-2012-00423151-CU-JR-VTA, 2013 WL 3010069 (Cal. Super. May 1, 2013)). In June 2012, in an unpaid wages case filed in Ventura County Superior Court, Mr. Strauss sought an hourly rate of $300 and Mr. Palay sought an hourly rate of $400. *Id.*, Ex. 3 (*The Old Roadhouse, Inc.*, No. 56-2010-00370144-CU-WT-VTA, 2012 WL 7783755 (Cal. Super. June 21, 2012)).

Plaintiffs' counsel contends that their rates are appropriate for attorneys of their skill and experience in this geographic area. Mtn. at 8-10. In support, they submit the declaration of attorney James M. Finberg, a partner and employment lawyer at the San Francisco firm of Altschuler Berzon LLP. Mr. Finberg declares that his rate is $895/hour, and that Gutierrez and Palay's rates are within the range of those normally charged by similarly experienced attorneys in

6

the Bay Area. Finberg Decl., ¶¶ 12, 15-16. Judges in the Northern District of California have awarded Mr. Finberg's hourly rates on several occasions, ranging from an award of $700/hour in 2007, to $875/hour in 2013. *Id*. at ¶ 13. Commercial clients have paid Mr. Finberg at his current rate, or at rates ranging from $825/hour in 2011 to $875/hour in 2013. *Id*. at ¶ 14. Mr. Finberg states that he is "familiar with the professional background and reputation of Daniel J. Palay and the Palay Law Firm" and that a rate of $750/hour "is reasonable given his skill, expertise, and reputation, and is within the rates awarded to attorneys in the Bay Area with his experience and background for similar work."[3] *Id*. at ¶¶ 15-16.

After reviewing the evidence submitted and recent fee awards in this district for attorneys with similar levels of experience, I find that the requested hourly rates of some of the plaintiffs' attorneys exceed the prevailing rates of litigators in the Northern District with similar experience, reputation, and skill in employment cases such as this that involve moderate complexity. *See, e.g.*, *Zoom Elec., Inc. v. Int'l Bhd. of Elec. Workers, Local 595*, No. 11-cv-1699 CW, 2013 WL 2297037, at *4 (N.D. Cal. May 24, 2013) (evidence sufficient to establish that "reasonable market rates in labor and employment cases are $675 per hour for partners, between $300 and $400 per hour for associates, and between $180 and $225 per hour for law clerks and paralegals" and awarding those rates); *Davis v. Prison Health Servs.*, No. 09-cv-2629 SI, 2012 WL 4462520, at *9 (N.D. Cal. Sept. 25, 2012) (awarding fees of $750 and $675 to attorneys with "considerable experience litigating civil rights and employment cases" and finding that the "rates [we]re in line with the overall market rate for experienced civil rights attorneys of similar abilities and experience in the Northern District"); *Lafever v. Acosta, Inc.*, No. 10-cv-01782 BZ, 2011 WL 5416650, at *2 (N.D. Cal. Nov. 8, 2011) (reducing fee from $700/hour to $600/hour for lawyer with thirty-six years experience litigating employment cases); *Hamed v. Macy's W. Stores*, Case No. 10-cv-2790, 2011 WL 5183856, at *9 (N.D. Cal. Oct.31, 2011) (awarding attorney with thirty-five years experience and an "excellent reputation" $565 per hour in contested FEHA action); *White v. Coblentz, Patch, Duffy & Bass LLP Long Term Disability Ins. Plan*, No. 10-cv-

---

[3] Mr. Finberg does not state an opinion on Mr. Gutierrez or his firm.

1855, 2011 WL 5183854, at *3 (N.D. Cal. Oct. 31, 2011) (awarding attorney with thirty-one years of litigation experience $600 per hour in contested ERISA action); *Campbell v. Nat'l Passenger R.R. Corp.*, 718 F. Supp. 2d 1093, 1100 (N.D. Cal. 2010) (finding support for "a market rate from $380 to $775 per hour for experienced employment and civil rights attorneys in the Northern District [of California]" and awarding $700/hour where "expertise and quality of representation were outstanding and the results [] achieved were excellent.").

Alejandro P. Gutierrez, a partner at the Hathaway Law Firm, seeks an hourly rate of $700. Mr. Gutierrez graduated from the University of California, Davis School of Law and was admitted to the California Bar in February 1983. He has litigated and defended labor and employment and class action cases with successful results. Gutierrez Decl., ¶ 5. He has tried cases in Ventura, Santa Barbara, and Los Angeles counties. *Id*. ¶ 7.[4] Mr. Gutierrez did the bulk of the work for the plaintiffs in this case, and he achieved a successful result for them. Taking into account all of these factors, as well as the case law cited above, I find that Mr. Gutierrez's hourly rate of $700 is reasonable.[5]

Daniel J. Palay, the founder of Palay Law Firm, seeks an hourly fee award of $700. He was admitted to the California Bar in June 1992. Palay Decl. ¶¶ 50-51. Mr. Palay has achieved success in multi-plaintiff employment law cases. *Id*. In 2007 the Ventura County Trial Lawyers Association named Mr. Palay the Trial Lawyer of the Year. *Id*. Taking into account Mr. Palay's years in practice, his involvement in this case, and his background, reputation, and skill, a

---

[4] Mr. Gutierrez states that his hourly fee of $700 per hour has been approved in a recent case in the U.S. District Court for the Central District of California. Gutierrez Decl. ¶ 10. His declaration does not name that case, so I cannot verify this assertion.

[5] In support of its opposition, Zep submitted a fee agreement sent by the plaintiffs' counsel to Scott York, an employee of Zep who opted not to join this case as a plaintiff. The agreement states that plaintiffs' counsel shall seek attorneys fees at an hourly rate of $500. Dkt. No. 145. The plaintiffs request sanctions and claim that the document is subject to attorney-client privilege. Reply at 14. The attorney-client privilege is for the client to waive. *See Schmidt v. Levi Strauss & Co.*, No. 04-cv-01026 RMW HRL, 2007 WL 628660, at *4 (N.D. Cal. Feb. 28, 2007) (stating that attorney-client privilege "belongs solely to the client"). Sanctions are an "extraordinary remedy" that courts should resort to sparingly. *Operating Engineers Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). The fee agreement is irrelevant to this motion, which requires me to examine the reasonableness of counsel's requested hourly rates in comparison to the prevailing rate in the community for attorneys of comparable skill and experience. But counsel's disclosure did not rise to a sanctionable level of misconduct. The plaintiffs' request for sanctions is DENIED.

8

1 reasonable hourly rate for Mr. Palay is $650.

2 Greg W. Jones, a shareholder of the Hathaway law firm, seeks an hourly fee award of
3 $650. He graduated from Brigham Young University J. Ruben Clark Law School in May 1985
4 and began practicing law in New Mexico later that year. Jones Decl., ¶ 3. Mr. Jones was admitted
5 to the California Bar in 1987. *Id*. at ¶ 4. Mr. Jones's practice includes both litigation and
6 transactional work with respect to employment-related issues. *Id*. Given his practice and limited
7 role in this case, an hourly rate of $550 is reasonable.

8 Michael A. Strauss, a shareholder of Palay Law Firm, seeks an hourly fee award of $500.
9 He graduated from Wake Forest University School of Law in May 2006 and was admitted to the
10 California Bar in December 2006. Strauss Decl., ¶¶ 9-10. Mr. Strauss has also achieved success in
11 multi-plaintiff cases. *Id*. at ¶¶ 11, 13. Mr. Strauss states that his "involvement in this case has
12 primarily been with respect to the preparation of the instant Motion." *Id*. at ¶ 3. He also edited
13 and reviewed the Mannion summary judgment motion, calculated damages, and attended the
14 mediation regarding the amount of attorneys' fees that took place after the settlement. *Id*. at ¶¶ 3-
15 5. The 30.1 hours for which he seeks reimbursement in the lodestar calculation is for his
16 involvement in the case prior to this fees motion. *Id*. at ¶ 8. Taking into account Mr. Strauss'
17 experience, his limited role in this case, and the prevailing rates in the community, I find that
18 $350/hour is reasonable. *Compare Telles v. Li*, No. 11-CV-01470-LHK, 2013 WL 5199811 (N.D.
19 Cal. Sept. 16, 2013) (finding plaintiff's counsel's hourly rate of $300 per hour reasonable in FLSA
20 case "given Plaintiffs' counsel's sixteen years of experience").

21 Adam A. Acevedo, an associate at the Hathaway Law Firm, seeks an hourly rate of $350.
22 He graduated from Drake University Law School in December 2007 and was admitted to the
23 California Bar in June 2008. Acevedo Decl., ¶ 6. Mr. Acevedo has been involved in this case
24 "from its inception" and has completed "many research and writing and discovery-related tasks."
25 An hourly rate of $300 is reasonable for Mr. Acevedo. *Zoom Elec., Inc.*, 2013 WL 2297037 (N.D.
26 Cal. May 24, 2013) ("reasonable market rates in labor and employment cases are . . . between
27 $300 and $400 per hour for associates").

28 Alexis Ridenour, an associate at the Hathaway Law Firm, seeks an hourly fee of $450.

9

She received her undergraduate degree from Cal Poly State University in San Luis Obispo, where she graduated magna cum laude. Ridenour Decl. ¶ 7. She went on to receive her Juris Doctorate from Pepperdine University School of Law, graduating cum laude. *Id*. at ¶ 8. Ms. Ridenour's work on this matter related primarily to drafting a motion to dismiss a cross-complaint accusing plaintiffs David Eldridge and Eric Oftedal of misappropriating confidential information and breaching his employment agreement, which was ultimately not filed because the matter went to mediation and was settled. *Id*. at ¶ 3. An hourly rate of $400 for Ms. Ridenour is reasonable.

Seth P. Shapiro, an associate at the Hathaway Law Firm, seeks an hourly rate of $275. He received his J.D. from the University of California Davis, King School of Law and was admitted to the California Bar in 2007. Gutierrez Supp. Decl. ¶ 10. His work on this case was researching and preparing the plaintiffs' reply to Zep's opposition to the motion for attorneys' fees. *Id*. $275 is a reasonable hourly rate for Mr. Shapiro.

The rate of $180 per hour for paralegals Coleen De Leon and Debra A. Acevedo is reasonable. Ms. DeLeon and Ms. Acevedo are certified paralegals with over twenty years of experience. Ms. DeLeon performed some work more akin to a junior level associate. DeLeon Decl., ¶ 4 ("duties in this case have involved taking a large share of legal research and writing . . . from preparing discovery questions, responding to discovery, drafting motions and other briefs, responding to motions filed by Defendants, and preparing Mr. Gutierrez for hearings.") Ms. Acevedo oversaw several aspects of document production from the twenty-four settling plaintiffs. Acevedo Decl., ¶ 4.

Geoffrey J. Farwell, a former law clerk at the Hathaway Law Firm, seeks a rate of $180. Mr. Farwell assisted with "various aspects of discovery productions." Gutierrez Decl. ¶ 8. Mr. Farwell received his undergraduate degree from the University of Redlands and his J.D from the University of San Diego School of Law. *Id*. ¶ 23. While Mr. Farwell worked for the Hathaway Firm as a law clerk, he was awaiting his bar results. Mr. Farwell is now an associate with the Hathaway firm. *Id*. An hourly rate of $180 for Mr. Farwell is reasonable.

The hourly rates detailed above are reasonable in light of the experience, reputation, and skill of the plaintiffs' lawyers and the prevailing rates in the community. In addition, I find that

the hourly rates requested are reasonable in light of the novelty and complexity of the issues, and the fact that counsel's work on this case precluded other work.

### A. Reasonable Number of Hours

"[T]rial courts must carefully review attorney documentation of hours expended; 'padding' in the form of inefficient or duplicative efforts is not subject to compensation." *Ketchum*, 24 Cal. 4th at 1132. A trial court may "reduce the award or deny one altogether" if the fee request "appears unreasonably inflated." *Serrano v. Unruh*, 32 Cal. 3d 621, 635 (1982). After carefully evaluating plaintiffs' counsel's billing entries, I find that, on the whole, they are reasonable, although I will reduce them across the board by 5% for inefficiencies, as described below.

Zep contends that plaintiffs' counsel seeks compensation for work on this case that did not advance the settlement relating to a cross-complaint filed by Zep accusing plaintiffs David Eldridge and Eric Oftedal of misappropriating confidential information and breaching their employment agreements. "Work on an unsuccessful and unrelated claim generally will not be compensable, as it 'cannot be deemed to have been expended in pursuit of the ultimate result achieved.'" *Envtl. Prot. Info. Ctr. v. California Dep't of Forestry & Fire Prot.*, 190 Cal. App. 4th 217, 238-39 (Cal. Ct. App. 2010) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983); *Harman v. City and County of San Francisco*, 136 Cal. App. 4th 1279, 1310 (2006)). Mr. Jones evaluated the claims against Oftedal and Eldridge, and he drafted a memorandum which was used by Mr. Gutierrez and associate Alexis Ridenour in preparing a motion to dismiss. Although the motion to dismiss was ultimately not filed because the claims were settled in mediation, defeating these claims was necessary to advancing Oftedal and Eldridge's section 2802 claims, which plaintiffs' counsel successfully recovered in the January 23, 2014, settlement. The hours billed on these claims are compensable.

Zep also argues that a number of billing entries redact the description of the work performed. As I have said in another case, a party "is not allowed to petition the Court for fees but hide from the public the basis for its request." *Muench Photography, Inc. v. Pearson Educ., Inc.*, No. 12-cv-1927, 2013 WL 6698465, at *2 (N.D. Cal. Dec. 18, 2013). However, the record

reflects that in the instances where counsel redacted the billings, they also included a description of the services rendered. *See* Suh Decl., Ex. J. The redactions in the billing records are minimal and do not unreasonably burden the right to review the records. As such, there is sufficient information to determine whether the work performed was excessive, duplicative, or unrelated to this case.

Zep asserts that the number of attorneys who attended mediations and depositions was excessive. Mr. Gutierrez and Mr. Palay both attended the deposition of Zep's person most knowledgeable Mark Grossman, a mediation in January 2014 in Los Angeles, and a mediation in February 2014 regarding attorney fees, for a total of 47.1 hours. Suh Decl., Ex L. Given the importance of those events, it was appropriate for co-lead counsel from different firms to attend. Mr. Strauss also billed 6.5 hours for the February 2014 mediation on attorney fees because he prepared the fee motion in this case. Suh Decl., Ex. N. Having three lawyers attend a mediation, particularly on attorney fees, is not reasonable, and Mr. Strauss' hours will be struck.

Zep argues that plaintiffs' counsel's billing entries for travel time are excessive. For example, Mr. Gutierrez billed 8.6 hours to attend a summary judgment hearing on September 25, 2013, and 7.1 hours to attend a case management conference on January 28, 2014, both held in San Francisco. Travel time is compensable. *Cotton v. City of Eureka*, Cal., 889 F. Supp. 2d 1154, 1177 (N.D. Cal. 2012) (awarding travel time for travel from Los Angeles to Eureka and Oakland). Plaintiffs' counsel has billed reasonable amounts of time for the distances traveled.

Zep asserts that the plaintiffs' counsel used "top heavy" billing practices. "[T]he court may not condition fees on plaintiffs' counsel's conformance to the typical commercial law firm's pyramidal staffing structure. The legal profession is diverse enough to embrace a variety of ways of conducting effective litigation, some of which may involve partners with relevant expertise conducting research or preparing a witness." *Nat'l Fed'n of the Blind v. Target Corp.*, No. 06-cv-01802 MHP, 2009 WL 2390261, at *3 (N.D. Cal. Aug. 3, 2009). Plaintiffs' counsel's small firms are not structured like large defense firms. The Hathaway Firm employs twelve attorneys, and the Palay Firm employs only five attorneys. Mr. Gutierrez and Mr. Palay are the lead attorneys assigned to this case from their firms, and the billing records show that they both delegated work

to paralegals and attorneys with lower billing rates. They should not suffer consequences in a fee award because a significant amount of the work fell on their shoulders due to the size of their firms. There is no showing that attorneys with lower billing rates were available at their firms to do the same quality of work as efficiently for any task.

The billing records reflect some inefficiencies, perhaps caused by the necessity of coordinating between the firms involved. It is not practical for me to discuss all of these fee entries in the detail I have addressed the fees discussed above. The Ninth Circuit has stated that a "district court can impose a small reduction, no greater than 10 percent-a 'haircut'-based on its exercise of discretion and without a more specific explanation." *Hernandez v. Grullense*, No. 12-cv-03257 WHO, 2014 WL 1724356, at *15 (N.D. Cal. Apr. 30, 2014) (citing *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)). *See also Gonzalez v. City of Maywood*, 729 F.3d 1196, 1200 (9th Cir. 2013) ("when a district court reduces either the number of hours or the lodestar by a certain percentage greater than 10%, it must provide a clear and concise explanation for why it chose the specific percentage to apply").

Based on my detailed review of the billing records, I find that a 5% reduction of the remaining fees is appropriate to account for inefficiencies and duplicative work. *See, e.g., Smith v. Santa Rosa Press Democrat*, No. 11-cv-02411 SI, 2011 WL 7777108, * 2 (N.D. Cal. Dec. 19, 2011) (reducing lodestar by 10% because of "evidence of some unnecessary duplication").

Given the adjusted hourly rates and number of hours spent in this case, the plaintiffs' counsel's adjusted lodestar is as follows:

| Legal Professional | Years in Practice | Firm | Rate | Hours | Total |
|---|---|---|---|---|---|
| Alejandro P. Gutierrez | 31.2 | Hathaway | $700 | 604.9 | $423,430.00 |
| Daniel J. Palay | 21.9 | Palay | $650 | 296.6 | $192,790.00 |
| Adam A. Acevedo | 5.9 | Hathaway | $300 | 58.8 | $17,640.00 |
| Michael A. Strauss | 7.4 | Palay | $350 | 23.6 | $8,260.00 |
| Greg W. Jones | 28.4 | Hathaway | $550 | 12.8 | $7,040.00 |
| Alexis Ridenour | 9.4 | Hathaway | $400 | 19.0 | $7,600.00 |

| Coleen DeLeon | Paralegal | Hathaway | $180 | 377.3 | $67,914.00 |
| Debra D. Acevedo | Paralegal | Hathaway | $180 | 82.0 | $14,760.00 |
| Geoffrey J. Farwell | Law Clerk | Hathaway | $180 | 52.7 | $9,486.00 |
| Total | | | | 1,527.7 | $748,920.00 |
| **Final Total with 5% Reduction** | | | | | **$711,474.00** |

### B. Fee Enhancement Multiplier

Plaintiffs' counsel requests a 2.0 multiplier. Under California law, the party seeking a fee enhancement bears the burden of proof. *Ketchum*, 24 Cal. 4th at 1138. In determining whether to include a fee enhancement, the court takes into account such factors as contingent risk and exceptional skill. *Id*. The purpose of an adjustment is to fix a fee at the fair market value for the particular action. *Id*. at 1132. "In effect, the court determines, retrospectively, whether the litigation involved a contingent risk or required extraordinary legal skill to justify augmentation of the unadorned lodestar in order to approximate the fair market rate for such services." *Id*.

I find that a multiplier is not justified. While the plaintiffs' counsel prosecuted this case on a contingent-fee basis, and litigated this case in a skillful manner, I have already taken into account the skill and experience of plaintiffs' counsel in determining that the hours expended and rates charged were reasonable. *Id*. at 1138 ("We emphasize that when determining the appropriate enhancement, a trial court should not consider these factors to the extent they are already encompassed within the lodestar."). The claims involved were not novel or complex, and the plaintiffs' counsel has litigated several matters involving claims "similar *if not identical to* the causes of action presented" here. Palay Decl. ¶ 48. (emphasis added).

Additionally, the results obtained do not warrant a fee enhancement. The final results obtained by plaintiffs in their settlement negotiations represent only partial success on the claims initially advanced by them. "[U]nder state law as well as federal law, a reduced fee award is appropriate when a claimant achieves only limited success." *Sokolow v. County of San Mateo*, 213 Cal. App. 3d 231, 249, 261(1989). The settlement compensated the plaintiffs for their business-related expenses owed under California Labor Code section 2802, which was one of four

14

causes of action in this case. Suh Decl., Exs. D, E (showing that settlement value was calculated by totaling the plaintiffs' expenses for items such as "mileage," "cell phone & internet," "postage" and "parking"); *see* Dkt. No. 40 (amended complaint).   The settlement required that plaintiffs release all of their remaining claims against Zep, foreclosing any possibility of recovery on the other three causes of action. Palay Decl., Ex. A.  As demonstrated by the parties' briefing on the motions for summary judgment filed after the settlement, several issues remained as to the three remaining causes of action for Zep's alleged violations of the California Labor Code and UCL, including Zep's allegedly unlawful deductions of the plaintiffs' commissions.  The settlement calculations did not include the value of deductions from the plaintiffs' commissions, or amounts relating to the other Labor Code or UCL claims.  Suh Decl., Exs. D, E.  As such, the plaintiffs did not actually secure complete relief corresponding with the goals of the litigation as a whole. While I will not reduce the fee award on this basis, I find that the circumstances do not justify a multiplier.  Consequently, the plaintiffs' counsel has not met its burden of showing that the award should be enhanced.

### C.  Motion for Attorneys' Fees

Plaintiffs seek $64,125.50 for work on the motion for attorney fees and reply brief.  Nine billers seek compensation for this motion, which is excessive, and I will deduct 10% from the award after adjusting the request with the hourly rates I have awarded.  The adjusted amount that will be awarded is as follows:

| Legal Professional | Firm | Rate | Hours | Total |
| --- | --- | --- | --- | --- |
| Alejandro P. Gutierrez | Hathaway | $700 | 14.0 | $9,800.00 |
| Daniel J. Palay | Palay | $650 | 9.3 | $6,045.00 |
| Michael A. Strauss | Palay | $350 | 78.7 | $27,545.00 |
| Coleen DeLeon | Hathaway | $180 | 16.6 | $2,988.00 |
| Seth P. Shapiro | Hathaway | $275 | 13.9 | $3,822.50 |
| Adam A. Acevedo | Hathaway | $300 | .5 | $150.00 |
| Greg W. Jones | Hathaway | $550 | 1.1 | $605.00 |

| | | | | |
|---|---|---|---|---|
| Debra D. Acevedo | Hathaway | $180 | .5 | $90.00 |
| Alexis Ridenour | Hathaway | $400 | 1.5 | $600.00 |
| Total | | | 136.1 | $51,645.50 |
| **Final Total with 10% Reduction** | | | | **$46,480.95** |

**D. Costs**

Plaintiffs seek costs for filing and motion fees in the amount of $435.00, deposition costs in the amount of $9,884.00, and service of process fees in the amount of $65.00. Plaintiffs' counsel is entitled to recover these costs. *See* CAL. CODE CIV. P. §§ 1033.5. The plaintiffs also ask for the following costs: "CourtCall fees" for appearances at the May, 9, 2013, and October 8, 2013 case management conferences in the amount of $176.00; "attorney service fees" for filing case management conference statements in the amount of $238.50; and delivery fees for delivery of courtesy copies to the court of filed pleadings in the amount of $49.67. Gutierrez Decl., ¶ 34.

Plaintiffs' counsel has submitted one receipt for the Courtcall costs. *See* Gutierrez Decl., Ex. C; Palay Decl., Ex. G. The receipt shows that $30 was charged for a May 9, 2013, case management conference before Judge Seeborg. Because my chambers does not use Courtcall, and the other receipts are not in the record, I reduce the Courtcall costs award from $176.00 to $30.00. The total awarded to the plaintiffs for their reasonable litigation costs is $10,692.17.

## CONCLUSION

The plaintiffs' motion for attorney's fees and costs is GRANTED in part and DENIED in part. Zep shall pay $757,954.95 in fees and $10,692.17 in costs, for a total of $768,647.12.

**IT IS SO ORDERED**.

Dated: August 15, 2014

WILLIAM H. ORRICK
United States District Judge

16